IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

DERRICK LEE WHITE                          :
156 SHARPSTEAD LANE                        :
GAITHERSBURG, MD 20878                     :
                                           :
    Plaintiff,                             :
                                           :
v.                                         :        Case No._____
                                           :
CHUGACH GOVERNMENT SERVICES, INC           :
3800 CENTERPOINT DRIVE, SUITE 1200         :
ANCHORAGE, AK 99503                        :
                                           :
    Serve:  CT Corporation System          :
        1015 15th Street, NW              :
        Suite 1000                        :
        Washington, DC 20005              :
                                           :
    Defendant.                             :

## COMPLAINT

COMES NOW, Plaintiff, Derrick L. White, by and through his undersigned counsel and hereby sues Chugach Government Services, Inc. for violation of Title VII of the Civil Rights Act of 1964 for sexual harassment, hostile work environment and retaliation and violation of DC Human Right Act , and in support thereof, hereby states as follows:

## PARTIES

1.    Plaintiff is an adult resident of the State of Maryland with her principal place of residence located Gaithersburg, MD.

2.    Defendant is an Alaska Corporation with its principal place of business located in Anchorage, Alaska.  Defendant is properly licensed and registered to conduct business in the District of Columbia and maintains a regular place of business at 1 DC Village Lane, Washington, DC.

JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter based upon 28 U.S.C.A. §1331

because this matter is based a question of federal law.

4.      Venue in this matter is proper based upon 28 U.S.C.A. §1391.

FACTS OF THE CASE

5.      Plaintiff was hired by Defendant as driver in February, 2013.

6.      His initial rate of pay was $14/hr.

7.      Defendant is a subsidiary of Chugach Alaska Corporation, established

under the Alaska Native Claims Settlement Act (ANCSA).

8.      Defendants operates the job corps center in the District of Columbia.

9.      Shortly after Defendant was hired, Shirma Ferguson became the

Transportation Security Manager and Plaintiff's supervisor.

10.      Immediately after becoming his supervisor, Ms. Ferguson began to make

unwanted sexual advances on Plaintiff.

11.      Ms. Ferguson would frequently shake her butt in Plaintiff's face and ask

him to take pictures of her dancing.

12.      Ms. Ferguson asked Plaintiff if he ever "stepped outside his marriage" and

had sex with other women.

13.      Ms. Ferguson graphically described her sex life to Plaintiff and asked that

he do the same.

14.      On at least one occasion, Ms. Ferguson requested that Plaintiff video her

performing a provocative dance to a sexually suggestive song and while she was dancing,

Ms. Ferguson removed some of her clothing in a mock striptease.

15.     On more than one occasion, Ms. Ferguson told Plaintiff that her pussy was good.

16.     Plaintiff informed Ms. Ferguson that he was not interested in any kind of sexual relationship, that he did not wish to be the target of her harassment and that her advances were unwanted.

17.     Because Ms. Ferguson was Plaintiff's supervisor, he felt that he had to tolerate her actions in order to keep his job.

18.     In or about August, 2014, Plaintiff was promoted to Acting Transportation Supervisor with a substantial increase in status, responsibilities and pay.

19.     His pay went from $14/hr to $50,000.00 per year.

20.     Ms. Ferguson's unwanted sexual advances and inappropriate comments continued after Plaintiff's promotion.

21.     Shortly after his promotion, Plaintiff complained to management about Ms. Ferguson's unwanted sexual advances and inappropriate comments.

22.     Management investigated the matter and "wrote up" Ms. Ferguson.

23.     Following the write up, Ms. Ferguson continued to harass Plaintiff and began retaliating against him for submitting his complaint.

24.     Ms. Ferguson began micro-managing Plaintiff's work by constantly checking on him, calling the security to find out where he was and blaming for even the smallest of problems.

25.     In or about October, 2014, Plaintiff complained again to management about the harassment, hostile work environment and retaliation that he suffered from Ms. Ferguson.

26.     Management never responded to this complaint.

27.     In November, Plaintiff was notified that he would no longer serve as the Transportation Supervisor and was demoted back to driver and reverted to his $14/hr pay rate.

28.     Ms. Ferguson played a key role in the decision to demote Plaintiff.

29.     Following his demotion, Ms. Ferguson has continued to harass him, create a hostile work environment and retaliate against him for complaining to management about her behavior.

30.     Plaintiff has suffered and continues to suffer harm and damages as a result of the discrimination and retaliation that she has suffered.

31.     On or about January 13, 2015, Plaintiff filed a Charge of Discrimination (sexual harassment and retaliation) with the Equal Employment Opportunity Commission, Charge No. 570-2015-00553.

32.     On or about January 23, 2015, EEOC issued its Right to Sue Letter.

33.     On or about March 24, 2015, Plaintiff filed a second Charge of Discrimination (s retaliation) with the Equal Employment Opportunity Commission, Charge No. 570-2015-00941.

34.     On or about April 17, 2015, EEOC issued its Right to Sue Letter for the second charge.

<u>COUNT I</u>
<u>VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964</u>

35.     Plaintiff adopts and incorporates by reference all of the allegations set forth in the previous paragraphs as if the same were fully set forth herein.

36.     Plaintiff was subjected to unwanted sexual advances, inappropriate sexual comments and a hostile work environment by his supervisor.

37.     Defendant has subjected Plaintiff to sexual harassment, unequal terms and conditions of employment, discipline, harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964.

38.     Defendant has interfered with Plaintiff's enjoyment of all benefits, privileges, terms, and conditions of employment by failing to provide a work place free of sexual harassment.

39.     Plaintiff has suffered and continues to suffer harm and damages as a direct and proximate result of Defendant's unlawful actions.

COUNT II
VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT
DC CODE ANN. §2-1402.11, ET SEQ.

40.     Plaintiff hereby realleges all of the allegations contained herein.

41.     Defendant has subjected Plaintiff to unequal terms and conditions of employment, discipline, sexual harassment, hostile work environment and retaliation, in violation of DC Code Ann. §2-1402.11, et seq., which specifically prohibits such actions by an employer.

42.     Plaintiff has suffered and continues to suffer harm and damages as a direct and proximate result of Defendant's unlawful actions.

43.     Plaintiff has also suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, depression, insomnia, and other damages as a direct result of Defendant's acts and omissions.

## COUNT III
## RETALIATION

44.     Plaintiff hereby adopts all aforesaid paragraphs as if fully reproduced herein.

45.     Plaintiff engaged in protected activity when he complained to management about Ms. Ferguson's sexual harassment against him.

46.     Defendant was aware of Plaintiff's protected activity.

47.     In response to and because of Plaintiff's protected activity, Defendant, by and through its agents, servants and employees, took adverse action against Plaintiff by demoting Plaintiff from Transportation Supervisor to driver and reducing his salary.

48.     Defendant's actions constituted a violation of Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 2000(e) *et seq*.

49.     Defendant acted willfully and with actual malice in terminating Plaintiff.

50.     As a direct result of Defendant's actions and omissions, Plaintiff suffered monetary and non-monetary damages.

51.     Plaintiff has also suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, depression, insomnia, and other damages as a direct result of Defendant's acts and omissions.

WHEREFRORE, Plaintiff respectfully requests that this Court enter judgment favor of Plaintiff and against Defendant for

A.     Compensatory damages in the amount of $300,000.00 or such other amount as determined at the trial of this matter;

B.     Punitive damages in the amount of $1,000,000.00 or such other amount as determined at the trial of this matter;

6

C.      Plaintiff's attorneys' fees and costs associated with this matter; and

D.      Such other and further relief as this Court deems necessary based upon the

facts and circumstances of this case.

## <u>JURY TRIAL</u>

Plaintiff requests that all matters in this case be tried by a jury.

Dated: April 22, 2015                    Respectfully Submitted,


                                         /s/Neil S. Hyman
                                         Neil S. Hyman, Esquire
                                         DC Bar No. 465047
                                         Law Office of Neil S. Hyman, LLC
                                         4416 East West Highway, Suite 400
                                         Bethesda, Maryland 20814
                                         301-841-7105 (p)
                                         301-986-1301 (f)
                                         neil@neilhymanlaw.com
                                         *Counsel for Plaintiff*